## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Antolin Nicolas Candia, Arturo's Park, Inc. (d/b/a Arturo's Restaurant), JJ Nap Inc. (d/b/a Arturo's Pizzeria), and Joseph Napolitano regarding Antolin Nicolas Candia's employment and the settlement of his Fair Labor Standards Act and New York Labor Law claims he has or may have concerning his employment at Arturo's Restaurant and Arturo's Pizzeria.

**WHEREAS**, Antolin Nicolas Candia has filed a case against in the United States District Court, Southern District of New York, entitled <u>Antolin Nicolas Candia v</u>. Arturo's Park, Inc. (d/b/a Arturo's Restaurant), JJ Nap Inc. (d/b/a Arturo's Pizzeria), Joseph Napolitano and Vincent Napolitano, Docket No.: 17-cv-04241 (VEC) (the "Action").

**WHEREAS,** Defendants in the Action have denied all claims alleged in the Action;

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

    (a)  "Releasor" is defined as Antolin Nicolas Candia and includes each of his present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns. If an obligation or right is that alone of Antolin Nicolas Candia, he will be referred to as "Plaintiff"; and,

    (b)  "Released Parties" is defined to include (i) Joseph Napolitano, (ii) Vincent Napolitano, (iii) Arturo's Park, Inc. (d/b/a Arturo's Restaurant) and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities, and (iv) JJ Nap Inc. (d/b/a Arturo's Pizzeria) and its present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries and any otherwise related persons or entities.

2. **Plaintiff's Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw,

1

with prejudice, all claims under the Fair Labor Standards Act and New York Labor Law that Plaintiff has or may have in the future through the date of execution of this Agreement.

3. **Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

(a) Release of Fair Labor Standards Act and New York Labor Law Claims. Releasor knowingly and voluntarily releases and forever discharges Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and New York labor Law ("NYLL") (and affiliated rules and regulations), which Releasor has or may have against Released Parties, and also covenants not to file any claim or suit alleging a violation of the FLSA and/or NYLL.

(b) Collective/Class Action Waiver. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Arturo's Park, Inc. (d/b/a Arturo's Restaurant), JJ Nap Inc. (d/b/a Arturo's Pizzeria) agree to pay Plaintiff the gross total sum of $45,000.00 (the "Payment") payable as follows:

(1) Within thirty (30) days after the Court approves this Agreement, (1) one check payable to Plaintiff in the amount of $23,300.00 for which a Form 1099 will be issued; and (2) one check payable to Michael Faillace & Associates, P.C. in the amount of $6,700.00 for attorneys' fees and costs for which a Form 1099 will be issued. The foregoing checks shall be delivered to Plaintiff's counsel, Michael Faillace & Associates, P.C.

(2) On the final day of each of the two (2) successive months, starting in the month after which the payment described in section 4(a)(1) is made, (1) one check payable to Plaintiff in the amount $5,850.00 for which a Form 1099 will be issued; and (2) one check payable to Michael Faillace & Associates, P.C.in the amount of $1,650.00 for attorneys' fees and costs for which a Form 1099 will be issued. The foregoing checks shall be delivered to Plaintiff's counsel, Michael Faillace & Associates, P.C.

(b) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA and NYLL, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(d)     Plaintiff shall be solely responsible for the payment of any taxes owed on the 1099 portion of the Payment. Plaintiff represents that no tax advice has been given to him by Released Parties or their representatives and he understands that Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiff hereby agrees to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiff for any failure by him to properly report the payment. Released Parties shall make statutory backup withholdings of 28% in connection with the 1099 portion of the Settlement Payment made to Plaintiff if he does not provide a social security number or Tax ID Number and other requisite documents before the first installment of the Settlement Payment becomes due.

(e)     In the event Released Parties is in default of any payment in paragraph 1(b) of this Agreement, Releasor shall provide seven (7) calendar days written notice to Released Parties via E-mail and facsimile sent to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, fax number: (516) 328-0082, of the default. If Released Parties do not cure the defect within seven (7) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety.

5.   **Settlement Approval.**

Plaintiff shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiff's claims, with prejudice.

6.   **Non-Admission of Wrongdoing.** Defendants in the Action deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants in the Action of guilt or noncompliance with the Fair Labor Standards Act and/or New York Labor Law.

7.   **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8.   **No Waiver.**   Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9.   **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

3

10. **Entire Agreement.**

(a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA and NYLL that Plaintiff has or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA and NYLL claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his FLSA and NYLL claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasor.

12. **Representations.**

(a) Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b) Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

(c) Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

13. **Execution**.

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Released Parties under the FLSA and NYLL. Plaintiff selected his counsel voluntarily;

(b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA AND NYLL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 01/26, 2018    By: _____
                          Antolin Nicolas Candia

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On the 26 day of January in the year 2018, before me, the undersigned notary public, Antolin Nicolas Candia personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

JOSHUA S. ANDROPHY
Notary Public, State of New York
No. 02AN6166515
Qualified in New York County
Commission Expires August 17, 2015
Jan. 3, 2020

Signature and Office of individual taking acknowledgment

5

|  |  |
|---|---|
| Dated: 2/12, 2018 | ARTURO'S PARK, INC.<br>By: _____<br>Joseph Napolitano |
| Dated: 2/12, 2018 | JJ NAP INC.<br>_____<br>Joseph Napolitano |
| Dated: 2/12, 2018 | _____<br>Joseph Napolitano, Individually |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANTOLIN NICOLAS CANDIA, *individually and on behalf of others similarly situated*,

Docket No.: 17-CV-04241(VEC)

Plaintiff,

-against-

**STIPULATION OF DISMISSAL**

ARTURO'S PARK, INC. (d/b/a ARTURO'S RESTAURANT), JJ NAP INC. (d/b/a ARTURO'S PIZZERIA), JOSEPH NAPOLITANO and VINCENT NAPOLITANO,

Defendants.
----------------------------------------------------------------X

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other. This Stipulation may be filed with the Court without further notice to any party.

Dated: February 12, 2018

_____
Michael A. Faillace, Esq.
Joshua S. Androphy, Esq.
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, NY 10165

_____
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Milman Labuda Law Group PLLC
Attorneys for Defendants Arturo's Park, Inc., JJ Nap Inc., and Joseph Napolitano
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

SO ORDERED:

_____
Valerie E. Caproni, U.S.D.J.